IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WALTON STEPHEN VAUGHAN                                              PLAINTIFF
*by and through Nancy E. Vaughan*
*his attorney in fact*

v.                                                          Civil No. 1:24cv76-HSO-BWR

MITCHELL MONSOUR                                                    DEFENDANT

**ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT
THAT PROPERLY ASSERTS DIVERSITY JURISDICTION**

THIS MATTER is before the Court sua sponte to consider its subject-matter jurisdiction. Plaintiff Walton Stephen Vaughan ("Plaintiff" or "Vaughan"), by and through Nancy E. Vaughan his attorney in fact, filed a "Petition to Vacate or Modify Arbitration Award[,]" which the Court has construed as a Complaint [1]. *See* Comp. [1]. The Court entered an Order [2] directing Plaintiff to show cause in writing why this action should not be dismissed for lack of federal subject-matter jurisdiction. *See* Order [2]. Plaintiff filed a Response [4] and an Amended Complaint [5] on April 5, 2024, alleging both federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332. *See* Resp. [4] at 1-3; Am. Compl. [5] at 1. However, the Amended Complaint [5] fails to adequately allege the citizenship of Plaintiff or the amount in controversy, and because the Court finds that the Amended Complaint [5] does not state a claim arising under federal question jurisdiction, it will direct Plaintiff to file an amended complaint that properly

1

alleges diversity jurisdiction. Otherwise, the Court may dismiss this case without prejudice for lack of subject-matter jurisdiction.

## I. BACKGROUND

The parties apparently entered into a private arbitration to resolve the percentage split of any potential monetary recovery they would receive from a favorable resolution of a separate case brought under the False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq. *See United States ex rel. Monsour v. Performance Accounts Receivable et al.*, 1:16-cv-38-HSO-BWR (S.D. Miss. filed Feb. 8, 2016). According to the Amended Complaint [5], the parties, who were the Relators in the FCA case, had originally agreed to a fifty-fifty split of the Relators' share of any recovery, but a disagreement arose over this split. *See* Am. Compl. [5] at 2; Ex. [1-3] at 1. The parties agreed to submit their dispute to binding arbitration, where the arbitrator awarded Defendant eighty percent of any potential recovery, and Plaintiff twenty percent. *See* Ex. [1-3] at 4. Plaintiff, invoking federal question jurisdiction, filed the Complaint [1] seeking to vacate the arbitration award and asking this Court to direct that the arbitration be reheard. *Id.* at 3.

Plaintiff's Response [4] to the Court's Order [2] states that this matter is "inextricably linked" to *Performance Accounts Receivable* such that the Court has federal question jurisdiction, and that the cases cited by the Court in its Order [2] are distinguishable because they addressed subject-matter jurisdiction as it related to removed cases, not cases originally filed in federal court. Resp. [4] at 1-2. Plaintiff's Amended Complaint [5] asserts both federal question and diversity

jurisdiction, alleging that "Plaintiff Walton Stephen Vaughan is an adult resident of Mobile County, Alabama" and "Defendant Mitchell Monsour is an adult resident citizen of Hinds County, Mississippi."[1] Am. Compl. [5] at 1.

## II.  DISCUSSION

A.  Federal question jurisdiction

Federal courts are courts of limited jurisdiction and "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Under 28 U.S.C. § 1331, a federal court has original subject-matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (quotations and alterations omitted). "To determine whether a claim arises under federal law, the court examines the 'well pleaded' allegations of the complaint and 'ignore[s] potential defenses.'" *Id.* (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003)). "That federal question must be 'presented on the face' of the complaint to satisfy the rule." *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 585 (5th Cir. 2022) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

---

[1] Plaintiff also notes that his "claim is being brought by his daughter, who serves as his Attorney-in-Fact" and is "a resident of the State of Washington." Am. Compl. [5] at 1 n.1.

3

Plaintiff's Response [4] does not properly establish federal question jurisdiction. Plaintiff contends that his claim arises out of the FCA because it involves a dispute between himself and Defendant regarding the split of the recovery in a separate False Claims Act case. Am. Compl. [5] at 2-3; *see also Performance Accounts Receivable et al.*, 1:16-cv-38-HSO-BWR. But this is insufficient to assert a cause of action arising under the FCA itself, or to establish that Plaintiff's claims for relief depend on the resolution of a federal question. Plaintiff is not asserting that the Government paid out money because materially false statements or claims were made. *See United States ex rel. King v. Solvay Pharms., Inc.*, 871 F.3d 318, 324 (5th Cir. 2017) ("An FCA claim consists of four elements: (1) whether there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a claim)." (quotations omitted)). Rather, Plaintiff claims that:

> The arbitration award is due to be vacated because:
>
> a. it was procured by corruption, fraud, or undue means;
>
> b. there was evident partiality or corruption in the arbitrator;
>
> c. the refusal to postpone the arbitration to allow Plaintiff or his representative to participate amounts ot [sic] misconduct; and
>
> d. without Plaintiff's participation, either directly or through his representative, the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Am. Compl. [5] at 3.

The foregoing does not assert any claim for relief arising under or based upon the FCA or any other federal law. As the Court stated in its Order [2], this case is a distinct and independent action between two private parties, and the fact that the dispute involves the split of a recovery from a totally separate case is not by itself sufficient to create federal question jurisdiction. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293-95 (5th Cir. 2010). An FCA claim in a separate case cannot create original jurisdiction in this case. *Id.* A federal court, in determining if it has subject-matter jurisdiction to vacate an arbitration award, does not look through an application submitted to the Court to the underlying substantive controversy between the parties. *Badgerow v. Walters*, 596 U.S. 1, 5 (2022) ("[A] court may look only to the application actually submitted to it in assessing its jurisdiction."). Furthermore, Plaintiff's statement that this case is distinguishable because it concerns a removed action is conclusory, as he does not explain what specifically about a removed action is different from this case so as to make *Halmekangas*'s holding on subject-matter jurisdiction inapplicable.

Plaintiff argues that because this dispute is "inextricably linked to the original dispute[,]" the Court has federal question jurisdiction. Resp. [4] at 2 (citing *Vikas WSP, Ltd. v. Econ. Mud Prod. Co.*, 23 F.4th 442, 451 (5th Cir. 2022)). However, *Vikas* concerned a settlement dispute that arose between the opposing parties to the original case where the court had entered a final judgment retaining jurisdiction to enforce that settlement. *Vikas WSP, Ltd.*, 23 F.4th at 447. This case concerns a separate, private contract between two individuals on how to split

5

recovery from a different lawsuit, not an effort to enforce the settlement resolving the claims in *Performance Accounts Receivable*. In addition, *Vikas* points to compulsory counterclaims as an example of "inextricably linked" claims. *Id.* This is not such a case, as, unlike a compulsory counterclaim, the claim here does not arise out of the same transaction or occurrence as that which gave rise to the qui tam claims in *Performance Accounts Receivable*. Those claims concerned allegedly false Medicare reports, and not a separate contract between Relators entered into years later. In sum, Plaintiff has not shown that federal question jurisdiction exists.[2]

B. Diversity jurisdiction

Plaintiff has also invoked diversity jurisdiction. *See* Am. Compl. [5] at 1. 28 U.S.C. § 1332 requires complete diversity between all plaintiffs and all defendants, and that the amount in controversy exceeds $75,000.00. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As to the amount in controversy requirement, "the party invoking federal diversity jurisdiction . . . bears the burden of establishing the amount in controversy by a preponderance of the evidence." *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351 (5th Cir. 2023). Plaintiff has not properly alleged the amount in controversy. The Amended Complaint [5] merely states that "the amount in controversy exceeds $75,000.00" and makes no other factual allegations relating

---

[2] To the extent Plaintiff may argue he has federal question jurisdiction because he brings a petition to vacate the arbitration award under 9 U.S.C. § 10(a) of the FAA, such an argument is without merit. *See Badgerow*, 596 U.S. at 8. "A federal court may entertain an action brought under the FAA only if the action has an 'independent jurisdictional basis.'" *Id.* (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). "That means an applicant seeking, for example, to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'" *Id.* (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009)). Plaintiff here has not made this showing.

to damages other than requesting that the Court vacate an arbitration award. Am. Compl. [5] at 1-4. When a party seeks injunctive relief, such as vacating an arbitration award, "the amount in controversy is measured by the value of the object of the litigation." *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 849 (5th Cir. 2009) (quotation omitted). In this case the object of the litigation is the arbitration award, which reduced Plaintiff's split of potential qui tam recovery from fifty percent to twenty percent. Ex. [1-3] at 4. In an amended complaint, Plaintiff must establish by a preponderance of the evidence that the thirty percent decrease in potential qui tam recovery from *Performance Accounts Receivable* exceeds $75,000.00. *Love*, 71 F.4th at 351.

As for diversity of citizenship, the party invoking the Court's jurisdiction must "distinctly and affirmatively allege[]" the citizenship of all parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988) (emphasis in original omitted) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). While Plaintiff has properly alleged Defendant's citizenship by stating that "Defendant Mitchell Monsour is an adult resident citizen of Hinds County, Mississippi[,]" Am. Compl. [5] at 1, he has not properly asserted Vaughan's citizenship,[3] *see id.* Plaintiff states that he "is an adult resident of Mobile County, Alabama," Am. Compl. [5] at 1, but, "an allegation of residency does not satisfy the requirement of an allegation of citizenship[,]" *Strain v. Harrelson Rubber Co.*, 742

---

[3] It is only the real parties in interest whose citizenship matter, and the citizenship of nominal or formal parties are to be disregarded. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). Thus, Vaughan's daughter's citizenship is irrelevant to showing complete diversity.

7

F.2d 888, 889 (5th Cir. 1984); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313-14 (5th Cir. 2019) ("[C]itizenship and residence, as often declared by this court, are not synonymous terms." (quoting *Robertson v. Cease*, 97 U.S. 646, 648 (1878)). For individuals, a party's citizenship is determined by where he or she is domiciled.[4] *Midcap Media Finance, L.L.C.*, 929 F.3d at 313. "Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'" *Id.* (alteration in original) (quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939)). Therefore, in an amended complaint, Plaintiff must state with specificity Plaintiff Vaughan's domicile or state of citizenship.

## II.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that, on or before **April 29, 2024**, Plaintiff Walton Stephen Vaughan must file an amended complaint that properly alleges diversity of citizenship and amount in controversy.

**SO ORDERED**, this the 15th day of April, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[4] In addition, a prisoner, such as Plaintiff, "is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out." *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (quotation omitted). Thus, when alleging citizenship, Plaintiff should indicate whether he plans to return to Alabama upon his release from incarceration.